# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MUBARAK SULAIMAN UKASHAT,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION<br>AND ORDER<br>STAYING SECTION 2255 MOTION**<br><br>Case No. 2:25-cv-759<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

The Petitioner, Mubarak Sulaiman Ukashat, moves to vacate, set aside, or correct his sentence under 28 U.S.C § 2255. *See* Dkt. No. 6. The court stays the motion pending resolution of Mr. Ukashat's direct appeal to the Tenth Circuit.

## I.

On March 22, 2023, Mr. Ukashat was charged by indictment with four counts of wire fraud in violation of 18 U.S.C. § 1343, aggravated identity theft in violation of 18 U.S.C. § 1028A, and two counts of money laundering in violation of 18 U.S.C. § 1957(a). *See* Case No. 2:23-cr-111, Dkt. No. 1. The United States subsequently filed three superseding indictments, through which it collectively added an additional count of money laundering and alleged aiding and abetting liability under 18 U.S.C. § 2 for all counts. *See id.*, Dkt. No. 71.

On February 4, 2025, Mr. Ukashat was charged by felony information with failure to file currency and other monetary instruments reports in violation of 31 U.S.C. § 5324(c)(1). *See id.*, Dkt. No. 203. Two days later, Mr. Ukashat entered a plea of guilty to the felony information before Magistrate Judge Romero. *See id.*, Dkt. No. 207. Mr. Ukashat's guilty plea was part of an agreement he had reached with the United States under Federal Rule of Criminal Procedure

11(c)(1)(C). As part of the same agreement, the parties stipulated to a sentence of not more than 36 or less than 12 months' imprisonment and the United States agreed to dismiss the indictments. *See id.*, Dkt. No. 209 at 5. Finally, as relevant here, Mr. Ukashat agreed to a broad waiver of his right to appeal his sentence, stating in relevant part,

> I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(l), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement. . . .
>
> I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, and my conviction, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

*Id.*

On August 21, 2025, Mr. Ukashat appeared for sentencing. The court accepted the plea agreement, granted the Government's motion for leave to dismiss the original and superseding indictments, and sentenced Mr. Ukashat to 24 months' imprisonment and three years' supervised release. *See id.*, Dkt. No. 229. Four days later, Mr. Ukashat filed a notice of appeal to the U.S. Court of Appeals for the Tenth Circuit, challenging the "judgment and sentence entered by this Court on August 21, 2025." *Id.*, Dkt. No. 235.

Mr. Ukashat then filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *See* Dkt. No. 6. He argues that "[h]e was denied due process by prosecutorial misconduct, including suppression of exculpatory evidence, and deprived of effective assistance of counsel at critical stages," and that "[t]he cumulative effect of these constitutional violations renders his guilty plea involuntary and his sentence unlawful." *Id.* at 1.

## II.

Under 28 U.S.C. § 2255(a), "[a] prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

But while "there is no jurisdictional barrier to a district court entertaining a § 2255 motion while a direct appeal is pending, . . . it should only do so in *extraordinary circumstances* given the potential for conflict with the direct appeal." *United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006) (emphasis added). "Justification for proceeding with the § 2255 motion is most likely when the § 2255 issues are *completely distinct* from the issues on appeal." *United States v. Rangel*, 519 F.3d 1258, 1265 (10th Cir. 2008) (emphasis added); *see also Prows*, 448 F.3d at 1228–29 (holding that a "completely different and non-overlapping issue" raised in a Section 2255 motion may be heard by the district court).

When the "direct appeal directly implicate[s] issues contained in the § 2255 motion, . . . a district court [can] exercise its discretion to stay the § 2255 motion." *Prows*, 448 F.3d at 1229.

## III.

Mr. Ukashat currently has a direct appeal pending before the Tenth Circuit, in which he challenges "the judgment and sentence entered by this Court on August 21, 2025." Case No. 2:23-cr-111, Dkt. No. 235. Based only on this notice of appeal, the court cannot determine with certainty what issues Mr. Ukashat intends to pursue on appeal. The court is thus unable to assess the precise degree of overlap between the issues in his Section 2255 motion and those that will be raised on direct appeal.

Even so, the court has substantial reason to believe that there will be at least some—if not complete—overlap between the two proceedings. On appeal, Mr. Ukashat will first need to overcome the appellate waiver in his plea agreement. To do so, he must show that the appeal falls outside the scope of the waiver of appellate rights, that he unknowingly or involuntarily waived his appellate rights, or that enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). It is likely that Mr. Ukashat will raise at least some, and possibly all, of the issues he raises in his Section 2255 motion to overcome the appellate waiver. Indeed, he states in his motion that "[t]he cumulative effect of these constitutional violations renders his guilty plea *involuntary* and his sentence unlawful." Dkt. 6 at 1 (emphasis added). Under these circumstances, the court finds that no "extraordinary circumstances" justify consideration of the Section 2255 motion while the direct appeal remains pending. The court therefore "exercise[s] its discretion to stay the § 2255 motion" pending resolution of the direct appeal.

\* \* \*

For the foregoing reasons, Docket Number 6, Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, is **STAYED** pending resolution of Mr. Ukashat's direct appeal to the Tenth Circuit. In light of this ruling, Docket Number 4, Motion for Leave to File Second Supplemental Statement, is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated this 6th day of October, 2025.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge